UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

HIGHWAY J CITIZENS GROUP, U.A.;
WAUKESHA COUNTY
ENVIRONMENTAL ACTION LEAGUE;
and JEFFREY M. GONYO,

      Plaintiffs,

                                            Case No. 15-CV-994-pp

v.

UNITED STATES DEPARTMENT OF
TRANSPORTATION; ANTHONY FOXX,
Secretary of Transportation; FEDERAL
HIGHWAY ADMINISTRATON; GREGORY
G. NADEAU, Acting Administrator for the
Federal Highway Administration; MARK
GOTTLIEB, Secretary of the Wisconsin
Department of Transportation,

      Defendants.

---

**DECISION AND ORDER GRANTING THE FEDERAL DEFENDANTS'
EXPEDITED NON-DISPOSITIVE MOTION TO STRIKE EXTRA-RECORD
DOCUMENTS (DKT. NO. 49)**

---

After the plaintiffs filed their motion for summary judgment and supporting brief, Dkt. No. 48, the federal defendants filed an expedited non-dispositive motion to strike two exhibits that the plaintiffs had filed in support of their motion: (1) portions of the 2001 Environmental Impact Statement ("EIS") prepared by the Federal Highway Administration in connection with a prior project involving Highway 164 (Dkt. No. 48-1), and (2) a letter from counsel for the federal defendants to counsel for the plaintiffs, dated

1

February 22, 2016 (Dkt. No. 48-2). For the reasons stated below, the court will grant the federal defendants' motion to strike these two documents.

Judicial review of an agency's decision generally is limited to the full administrative record before the agency when it made its decision. Florida Power & Light Co. v. Lorion, 470 U.S. 729, 743 (1985); 5 U.S.C. §706. The complete administrative record includes all documents and materials directly or indirectly considered by the agency, including evidence contrary to the agency's position. Univ. of Colorado Health at Mem. Hosp. v. Burwell, No. 14-1220, ___ F. Supp. 3d ___, 2015 WL 6911261, at *6 (D.D.C. Nov. 9, 2015). "[T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." Camp v. Pitts, 411 U.S. 138, 142 (1973).

On March 2, 2016, the Federal Highway Administration ("FHWA") filed the certified administrative record (Dkt. No. 47); neither of the documents which they ask the court to strike appears in that record. That administrative record is entitled to a presumption that it is complete and accurate. Univ. of Colorado, 2015 WL 6911261, at *6. To ensure that a court reviews only those documents that were before the agency when it made its decision, parties may not "supplement the record unless they can demonstrate unusual circumstances justifying a departure from this general rule." Dist. Hosp. Partners, L.P. v. Burwell, 786 F.3d 46, 55 (D.C. Cir. 2015).

On December 14, 2015, the court had issued a scheduling order. Dkt. No. 42. That order required that if the plaintiffs had any disputes regarding the

contents of the administrative record, they had to notify the defendants of those disputes by February 8, 2016. Id. at 1. The order further required that if the parties couldn't resolve any disputes about the record, the plaintiffs could file a motion to supplement that record by March 7, 2016. Id. at 2. The plaintiffs did not, between the date of the scheduling order and March 7, file a motion asking the court to supplement the record with the two documents at issue; indeed, they never have filed such a motion.

Instead, in their brief in support of their summary judgment motion (filed fifteen days after that March 7, 2016 deadline), the plaintiffs made a number of arguments based on a 2001 EIS prepared for the original Highway J project. Dkt. No. 48 at 18. They stated, in a footnote, that "[a]lthough Defendants have refused to include the 2001 EIS in the [administrative record], this Court nevertheless 'may take judicial notice of publicly available documents when the contents are "not subject to reasonable dispute" and are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."'" Id. at n. 4 (citations omitted).

With regard to the February 22, 2016 letter from counsel for the federal defendants to the plaintiffs, the plaintiffs argued in the summary judgment brief that the federal defendants sent them this letter in response to their request that the defendants supplement the administrative record with documentation regarding the FHWA's decision to fund the current Highway J project, or in the alternative, to explain the absence of such documents in the administrative record. Id. at 28. The plaintiffs argued that the February 22,

3

2016 letter, in which the federal defendants' counsel explained why the FHWA did not prepare an EIS or an Environmental Assessment in connection with the current Highway J project, constituted an admission that the FHWA "flagrantly violated" the National Environmental Protection Act by approving federal funding for the project before initiating a NEPA review process. Id.

The federal defendants argue in the instant motion that the court should strike the portions of the 2001 EIS and the February 22, 2016 letter (and the portions of the plaintiffs' brief that rely on them) because (1) neither is a part of the administrative record that was before the agency when the agency made the decision now under review, (2) the plaintiffs did not file a motion asking the court to supplement the administrative record to include them, and (3) as to the portions of the 2001 EIS, judicial notice is not an appropriate means to expand the administrative record in a case governed by the Administrative Procedure Act. Dkt. No. 49. The plaintiffs responded that a motion to expand the record to include the 2001 EIS would have been an unnecessary burden on the court, because the court could take judicial notice of that document. The plaintiffs also responded that the federal defendants' motion should be summarily denied as to the February 22, 2016 letter, because the letter is a party admission and because the federal defendants' motion failed to explain why the court could not consider it. Dkt. No. 50.

The court is not persuaded by the plaintiffs' arguments. First, with regard to the portions of the 2001 EIS: The parties do not dispute that the 2001 EIS exists, that it was part of the administrative record related to a *prior*

4

Highway 164 construction project, and that the court can take judicial notice of the fact that this document exists. In order for this court to consider the 2001 EIS in reaching a decision on the merits in *this* case, however, the court must determine (1) whether the 2001 EIS is part of the administrative record for the *current* Highway 164 Reconditioning Project and, if not, (2) whether the 2001 EIS constitutes extra-record evidence that is relevant to the merits of *this* case.

There is no question that the 2001 EIS (or the portions the plaintiffs cite) is not a part of the administrative record in *this* case. Nor is there any dispute that, despite their "strong" disagreement with the defendants' failure to include the document in the administrative record in this case, Dkt. No. 50 at 2, the plaintiffs did not file a motion asking this court to supplement the administrative record with the document, despite the court having given them a deadline by which to do so. Thus, the 2001 EIS constitutes "extra-record" evidence.

Nonetheless, the plaintiffs argue that the court should not strike the EIS, for two reasons. First, the plaintiffs argued in their response brief to the motion to strike that the 2001 EIS "was indisputably 'before the agency' at the time FHWA made its decision to fund the current Highway J project . . . ." Id. at 1-2 n.1. If the 2001 EIS was before the agency when it made its decision, then the plaintiffs would appear to be correct that it should have been part of the administrative record in this case. Under that circumstance, if the defendants

5

refused to make it a part of that record, the plaintiffs should have moved the court to supplement the administrative record to include it.

In defending their failure to take that action, the plaintiffs contend that for them to file a motion to supplement the administrative record in this case would have been a waste of the court's time, because the court simply could take judicial notice of the 2001 EIS. The court agrees that it can take judicial notice of the fact that the EIS exists. But the plaintiffs ask the court to accept the *content* of the 2001 EIS and to rely on that content in deciding the merits of this case. That is not the function of judicial notice—as even the plaintiffs seem to recognize, when they quote from the language of Fed. R. Civ. P. 201(b).

Judicial notice is a litigation shortcut; it allows parties to avoid having to prove things like the fact that Highway J is located in Washington County in the State of Wisconsin, or that there was litigation about a previous Highway J project. Those kinds of facts generally are known as legislative facts. The plaintiffs are asking this court to take judicial notice of *adjudicative* facts—determinations made by an agency under different circumstances in a different case, and clearly subject to dispute because they *were* disputed in the earlier litigation.

> [T]aking judicial notice is typically an inadequate mechanism for a court to consider extra-record evidence when reviewing an agency action. Because review of an agency decision is limited to the administrative record before the agency at the time of the decision, judicial notice of an adjudicative fact *not* part of the administrative record generally is *irrelevant* to the court's analysis

6

> of the merits. Instead, a court may only consider an adjudicative fact subject to judicial notice that is *not* part of the administrative record if it qualifies for supplementation as extra-record evidence .
> . . .

Dist. Hosp. Partners, L.P. v. Sebelius, 971 F. Supp. 2d 15, 32 n.14 (D.D.C. 2013) (citing Boswell Mem'l Hosp. v. Heckler, 749 F.2d 788, 792 (D.C. Cir. 1984); Cnty. of San Miguel v. Kempthorne, 587 F. Supp. 2d 64, 78–79 (D.D.C. 2008)).

The court will not take judicial notice of the substance of the 2001 EIS. The plaintiffs should have filed a motion asking to supplement the record with the 2001 EIS; they did not, and the court will grant the defendants' motion to strike it as extra-record evidence.

It is likewise clear that the defendants' February 22, 2016 letter is not part of the administrative record, and that the plaintiffs did not file a motion to supplement the record with that letter (or with documents they may have believed existed that might shed light on the FHWA's decision to fund the Highway J project). The plaintiffs argue that because the defendants did not explain why the letter should not be included in the record, the court should deny the defendants' motion to strike it. This argument is circular at best. The defendants *did* explain why the letter should not be included—the plaintiffs failed to file a motion asking the court to include it. The plaintiffs had time to ask the court to include the letter—the letter is dated February 22, 2016, and the deadline for the plaintiffs to file a motion asking to supplement the record was two weeks later, on March 7, 2016. They did not do so, and thus the letter is extra-record evidence.

7

The plaintiffs also imply that the February 22, 2016 letter from the defendants' counsel is the admission of a party opponent under Fed. R. Evid. 801(d)(2), as well as an "admission" in the confessional sense, codified in the Rules of Evidence as a statement against interest when the declarant is unavailable, under Fed. R. Evid. 804(a) and (b)(2). Dkt. No. 50 at 2. It is not clear how either of these arguments is relevant to the fact that the letter is not part of the record subject to review. The question before a court on review of an agency record is not whether a document constitutes hearsay; it is a question of whether the document was part of the record that the agency reviewed in making its determination. The February 22, 2016 letter was not part of the record the agency reviewed prior to making its determination on the current Highway J project. The court will grant the federal defendants' motion to strike this letter and the portions of the plaintiffs' brief that rely on it.

As the court noted at the outset, the administrative record the defendants filed is presumed to be accurate and complete unless the plaintiffs successfully move the court to supplement it. The two documents at issue are not part of the administrative record, and the plaintiffs did not timely file a motion asking the court to supplement that record with these documents.

Accordingly, the court **ORDERS** that the defendants' Motion to Strike Extra-Record Documents is **GRANTED**. Dkt. No. 49. The court further **ORDERS** that Exhibits A and B to the plaintiffs' motion for summary

judgment (Dkt. Nos. 48-1 and 48-2) and the portions of the plaintiffs' brief that rely on those exhibits are **STRICKEN**.

Dated in Milwaukee, Wisconsin this 15th day of August, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge